FILED
BILLINGS DIV.

2009 DEC 21  AM 10 0[

PATRICK E. DUFFY, CLE[

BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

## BUTTE  DIVISION

| | | |
|---|---|---|
| XL SPECIALTY INSURANCE CO., | ) | |
| | ) | CV-08-73-BU-RFC-JCL |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| PATROL HELICOPTERS, INC., | ) | AND RECOMMENDATIONS OF |
| C. THOMAS MESSICK, Individually | ) | U.S. MAGISTRATE JUDGE |
| and as Personal Representative of the | ) | |
| Estate of Theresa J. Messick; CRAIG A. | ) | |
| BOWMAN, as Personal Representative of | ) | |
| the Estate of Joan R. Bowman, | ) | |
| DARRELL E. BOWMAN, and | ) | |
| PROGRESSIVE CASUALTY INS. CO., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff XL Specialty Insurance Company filed this action seeking a

declaratory judgment that it owes no duty to defend or indemnify Defendant Patrol

Helicopters for a July 2006 automobile accident.  Magistrate Judge Jeremiah C.

Lynch has entered Findings and Recommendations (*Doc. 69*) on the parties'

motions for summary judgment, concluding that the XL's policy provides

coverage for the accident, that XL's duty to defend was triggered by a letter from

counsel for plaintiffs in the underlying lawsuit, and that Progressive cannot seek equitable contribution from XL. These conclusions result in a recommendation that Patrol Helicopters Motion for Summary Judgment (*Doc. 38*) be granted, that XL's Motion for Summary Judgment (*Doc. 41*) be granted in part, and that Progressive's Motion for Summary Judgment Regarding Priority of Insurance (*Doc. 43*) be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). XL filed timely objections on November 9, 2009 (*Doc. 70*), while Progressive filed objections three days later (*Doc. 73*). Numerous responses were filed until the flood of briefs ceased on December 4, 2009. The objections require the Court to review *de novo* those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). As discussed below, Magistrate Judge Lynch's Findings and Recommendations are well-grounded in law and fact and all objections are overruled.

XL's first objection is to Judge Lynch's conclusion that coverage was not precluded by Patrol's failure to comply with the notice provision in the insurance policy. Judge Lynch concluded that even if XL could prove that it did not receive notice "immediately" or "as soon as practicable" as required by the policy, XL

could not prove it was prejudiced by the delay. Although XL now claims that a

showing of prejudice is not required, it did not offer this argument to Judge Lynch.

For that reason, the Court need not consider it now. Regardless, Judge Lynch

thoroughly reviewed Montana law in the area and correctly concluded the

Montana Supreme Court, consistent with the majority of jurisdictions, would

impose a prejudice requirement for notice provisions in liability policies. To the

extent XL argues that it was prejudiced, it merely repeats the arguments made to

Judge Lynch. XL's first objection is overruled.

XL also objects to the conclusion that the subject accident arose out of the

use of the insured helicopter. Again, XL repeats the same arguments that

Magistrate Judge Lynch addressed and rejected. The holding that the phrase

"arising out of" is ambiguous when undefined has previously resulted in insurance

coverage in contravention of common sense. *See Mitchell v. American Reliable*

*Ins. Co.*, 2009 WL 3326418 (9th Cir. 2009) *citing Pablo v. Moore,* 995 P.2d 460

(Mont. 2000). That rule, however, is the law which this Court must follow.

Because the accident would not have occurred absent the use or maintenance of

Patrol's helicopter, XL's second objection must be overruled.

XL's final objection is a continuation of its argument that its duty to defend

Patrol in the underlying suit was never triggered because neither Patrol nor

3

Progressive, the co-insurer, asked it to defend.  As noted by Judge Lynch,

however, the duty to defend is triggered by knowledge of facts that represent a risk

covered by an insurance policy.  *Farmers Union Mut. Ins. Co. v. Staples,* 90 P.3d

381, 385 (Mont. 2004).  Here, XL was notified by a letter from the underlying

plaintiffs' counsel, together with a copy of the complaint, that set forth facts

representing a risk covered by the XL policy.  Accordingly, XL's third objection is

overruled.

Progressive objects to Judge Lynch's conclusion that because both Patrol

and Progressive did not affirmatively request assistance from XL, the selective

tender rule bars equitable contribution and XL is not liable.  Progressive first

argues its motion for summary judgment is not based on equity, but on the plain

language of the "other insurance" clauses in its and XL's insurance policies.

According to Progressive, equitable contribution does not apply because no claim

has yet been paid, citing *Casualty Indemnity Insurance Co.,* 902 F.Supp. at1237

(the "doctrine of 'equitable contribution' permits an insurer, *which has paid a*

*claim,* to seek contribution directly from other insurers who are liable for the same

loss").  Regardless, as noted by Judge Lynch, *Casualty Indemnity Insurance Co. v.*

*Liberty National Fire Insurance Co.,* 902 F.Supp. 1235 (D. Mont. 1995) makes

clear that the issue here is equitable contribution.

Similarly, Progressive claims Judge Lynch overlooked the insurance policies' "other insurance" provisions. The other insurance provisions, however, are inapplicable–there is no other insurance because neither Patrol nor Progressive tendered the claim to XL for defense or indemnification.

As to this finding of fact, Progressive also objects. Although the statement of facts contained in Progressive's objections documents several instances of contact between the lawyers representing Patrol and XL, including that XL was asked to "investigate coverage" under its policy, there is no evidence that Progressive or Patrol affirmatively asked XL for defense or indemnification. Judge Lynch correctly concluded that under *Hartford Accident & Indemnity Co. V. Gulf Ins. Co.,* 776 F.2d 1380 (7th Cir. 1985), which this Court cited with approval in *Casualty Indemnity Insurance Co.*, asking XL to "investigate coverage" is insufficient.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety:

(1)    Patrol's Motion for Summary Judgment is **GRANTED**;

(2)    XL's Motion for Summary Judgment barring Progressive from seeking equitable contribution is **GRANTED**, but XL's motion is **DENIED** in all other respects; and

(3)    Progressive's Motion for Summary Judgment Regarding Priority of
       Insurance is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order and

enter judgment accordingly.

DATED this 21 day of December 2009.


RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

6